# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

Herbert Michael Babb,
    Plaintiff,

v.

Harris Park Metropolitan District,
  Defendant.

---

## COMPLAINT

---

Plaintiff, by and through his undersigned attorney, for his Complaint against Defendant, alleges and states, as follows:

### JURISDICTION

1. This is a complaint for violations of the Rehabilitation Act of 1973, 29 U.S.C.§701, e*t. seq.* ("Rehab Act"), and the reciprocal or corresponding provisions of the Colorado Anti-Discrimination Act, C.R.S.§24-34-401 *et seq.*and the Fair Labor Standards Act, 29 U.S.C.A. § 255.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction), 42 U.S.C. §1334 (Civil Rights Jurisdiction), 28 U.S.C. §1332 (Diversity Jurisdiction), and 42 U.S.C. §1367 (Supplemental jurisdiction).

3. Plaintiff has complied with all conditions precedent to the filing hereof.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the

employment practices herein that Babb alleges to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

5. The Colorado Civil Rights Division made a "For Cause" Determination finding disability discrimination in that the Defendant violated C.R.S. 24-34-402, as re-enacted.

6. The parties were ordered to attempt amicable resolution of the charge by conciliation.

7. He conciliation failed.

8. This action is timely.

## PARTIES

9. At all times relevant, Plaintiff was a resident of Colorado.

10. At all times relevant, Defendant has had, and continues to have a principal place of business in Colorado.

11. Upon information and belief Defendant receives or has received federal funds and is subject to compliance with the Rehabilitation Act.

## GENERAL ALLEGATIONS

12. Plaintiff was hired by Defendant in or around June 2015 as Fish Commissioner.

13. Plaintiff's primary job duties including enforcing the fishing rules within the District and documenting and reporting violations.

14. Defendant issued Plaintiff a W-2 for 2015 showing wages earned of $700.00.

15. The District also issued a W-2 for 2016 showing wages earned of $1,000.00.

16. Based on the detailed records Mr. Babb kept of his hours worked, it is clear that the district violated the FLSA by failing to pay minimum wage.

17. In addition, the District also did not comply with the FLSA posting requirements.

18. Mr. Babb's records indicate that he worked approximately 765.25 hours in 2015 and 2016.

19. The District paid Mr. Babb an hourly salary of just $2.22 an hour, ($1,700.00 ÷ 765.25 = 2.22) for 2015 and 2016.

20. Plaintiff has Post Traumatic Stress Disorder whish is triggered by aggressive behavior, name calling, loud noises, certain odors, and being persistently agitated or startled.

21. Plaintiff is substantially limited in the major life activities of sleeping, thinking, and concentrating.

22. At all times relevant Plaintiff performed his job in a satisfactory manner and was able to perform all essential functions of his job.

23. On or about August 2, 2016, Daria Eddleman, a Board Member of Defendant began harassing Plaintiff which triggered symptoms of his disability.

24. When Plaintiff requested that she stop, she began mocking him and when tears filled Plaintiff's eyes, Edelman responded, "Look at the little baby starting to cry."

25. On or about August 8, 2016 Plaintiff made a formal written harassment complaint against Eddleman based on his disability. The complaint further claims that Plaintiff made two reasonable accommodations for his disability. One of them was that Eddleman cease harassing him and not interact with him

until their issues were resolved.

26. However, at the Board Meeting of August 13, 2016, the Board decided to table any discussion about the Plaintiff's disability and thereafter refused to engage in the interactive process.

27. Instead, the Board sought to retaliate against Plaintiff by terminating his employment.

28. Defendant averred that they sought to dismiss Plaintiff because he did not provide medical documentation of his disability.

29. However, Defendant never requested the documentation.

30. Plaintiff's requested accommodations were never discussed at any board meeting after the August 13 meeting.

31. The District, through Board Vice President, Liz Biggs, received various compliments from community members about the Plaintiff's positive work ethic.

32. Plaintiff was able to perform all of the essential functions of his job.

33. Biggs also reported that Eddleman continued to question Complainant at Board Meeting by publicly yelling at him.  Biggs indicates that Eddleman was told that she could not publicly address the charge.  The Board meeting was quickly adjourned.

34. Biggs also states that she witnesses Eddleman harass Plaintiff at several of the Board Meetings.

35. Biggs also confirms that Eddleman discussed the Plaintiff's disability with other Board Members and made comments such as, "Has he had his meds today?  You

better be careful!"

36. Biggs further stated that Eddleman is hot tempered and does not like the Plaintiff.

37. Another witness, Hopkins, indicates that she witnessed Eddleman publicly mock Plaintiff during several Board Meetings.

38. Eddleman and the other Board members were aware that Plaintiff had a disability.

39. Plaintiff was continuously and harassed in a severe and pervasive manner, which was unceasing.

40. Plaintiff was constructively discharged on October 11, 2016.

### FIRST AND SECOND CLAIMS FOR RELIEF
### DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT AND COLORADO ANTI DISCRIMINATION ACT AND FAILURE TO ACCOMMODATE

41. Plaintiff incorporates by this reference all preceding paragraphs as though fully set forth herein.

42. As fully set forth herein Plaintiff was/is disabled and at all times relevant hereto, was qualified for his position. In addition, Plaintiff was able to perform the essential functions of her position with or without an accommodation.

43. Despite Plaintiff's request for reasonable accommodations, Defendant, its agents, and employees denied Plaintiff's statutory rights under the Rehabilitation Act and Colorado Anti Discrimination Act. Defendant failed and refused to engage in the interactive process with Plaintiff.

44. Plaintiff engaged in protected activity on or about August 8, 2016 when he asked for a reasonable accommodation and again on or about September 27, 2016 when he filed a

Charge of Discrimination with the Colorado Civil Rights Commission.

45. Defendant could accommodate Plaintiff's requested accommodation(s) without undue hardship.

46. Eddleman's harassment and threats would dissuade a reasonable perform from engaging in protected activity.

47. Plaintiff was terminated from his job because of his disability.

48. As a direct and proximate result of the acts and omissions described herein, Plaintiff has suffered and incurred, or may be reasonably expected to suffer or incur, the following damages and other losses, including but not limited to: lost income or employment compensation and fringe benefits, thereby justifying appropriate awards to Plaintiff of front pay and back pay; damage to reputation and character, credit rating or creditworthiness, emotional or mental anguish, distress, upset, humiliation, embarrassment, or degradation, pain and suffering; and other consequential, incidental, or related damages to Plaintiff's employment rights, privileges, interests, as well as statutory interest, and reasonable attorney's fees and costs incurred in connection herewith.

### THIRD AND FOURTH CLAIMS FOR RELIEF
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AND COLORADO STATE LAW

49. Plaintiff incorporates by this reference all preceding paragraphs as though fully set forth herein.

50. The Fair Labor Standards Act has a minimum wage requirement of not less than $7.25 per hour effective July 2009. The Colorado State minimum wage was $8.23 in 2015 and $8.31 in 2016. Plaintiff worked approximately 765.25 hours in 2015 and 2016.

51. Plaintiff was paid, on average $2.22 per hour for his work.

52. Defendant failed to pay Plaintiff the required state or federal minimum wage.

53. Defendant's violation of the minimum wage requirements was willful and wanton and was not in good faith.

54. The unlawful employment practices complained of in the foregoing paragraphs were intentional and done with malice or with reckless indifference to Plaintiff's federal protected and state protected rights.

55. Defendant's actions directly and proximately caused damages incurred by Plaintiff, entitling him to the remedies enumerated below.

WHEREFORE, Plaintiff prays for an award of all relief requested herein and that this Court enter judgment in his favor and award him all relief as allowed by law, including, but not limited to, the following:

   a. Actual economic damages as established at trial;
   b. Compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
   c. Punitive damages;
   d. Pre-judgment and post-judgment interest at the statutory rate;
   e. Attorneys' fees, costs and expenses; and
   f. Such further relief as justice requires.

Respectfully submitted this 27th day of November 2017.

                    Robinson & Associates Law Office, LLC

                    /s Jennifer Robinson                            /
                    Jennifer Robinson
                    7900 E. Union Ave., Suite 1100
                    Denver, CO  80237
                    (303) 866-9793
                    ATTORNEY FOR PLAINTIFF

PLAINTIFF HAS RECEIVED A COPY OF THIS COMPLAINT.